Am. Pine Apple Prod. Co. v. Chicago J. P. Co., 216 Ill. App. 362.

being upon the street in his way. The natural and probable consequence of such conduct would be the infliction of injury and perhaps death to any one in front of him, and under the circumstances he must be held to have intended to inflict the injuries which Herbeck suffered.

The amount of the fine is not excessive. The injuries to Herbeck were serious and permanent, and the reckless act of the defendant should not be treated lightly. The finding and sentence of the court are in accord with the law and the evidence and the judgment will be affirmed.

*Affirmed.*

---

## American Pine Apple Products Company, Appellee, v. Chicago Job Press Company, Appellant.

### Gen. No. 25,419.

1. LIENS, § 2*—*when printing company cannot claim lien on customer's electrotype cuts.* Where a printing company receipted for certain electrotype cuts belonging to a customer, and expressly agreed to return such cuts after a number of labels were printed, it could not claim a lien upon the cuts for the amount of its services in printing the labels, when such lien was asserted to arise by implication from a custom of the trade, as a contract by implication could not prevail against the express contract.

2. LIENS, § 2*—*when evidence does not establish custom giving printer right to lien on customer's cuts.* A lien arising from custom must include the circumstance that it is asserted and enjoyed by one party without objection from the other, and when witnesses for a printer testified of a custom whereby printers asserted the right to hold cuts of a customer used in printing until such printing was paid for, the evidence fell short of the required proof as to a custom, merely tending to show the existence of a custom of printers to make certain claims.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. LIENS, § 2*—*when printer cannot claim lien on customer's cuts.* The right to retain goods upon which labor has been expended until the bill therefor has been paid does not apply where cuts used in printing are intrusted to a printer for the printing of labels, and where such labels are delivered to the customer, and the cuts retained, there being no labor done upon the cuts themselves.

4. LIENS, § 2*—*what evidence necessary to establish general lien for balance of accounts.* A general lien for a balance of accounts is founded on custom and is not favored, but must be established by strong evidence of a settled and uniform custom, or a particular mode of dealing between the parties.

Appeal from the Municipal Court of Chicago; the Hon. JOHN RICHARDSON, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed January 26, 1920. Rehearing denied February 9, 1920.

CHARLES F. McELROY, for appellant.

WILLIAM R. WILEY, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

This is an appeal by the defendant from a judgment against it in a replevin suit.

Defendant is in the printing business and in November, 1918, plaintiff contracted with it for the printing of some labels or wrappers at an agreed price. These labels were to be printed from electrotype cuts which belonged to the plaintiff and were delivered for this purpose to the defendant who gave a written receipt as follows:

"November 18th, 1918.

"Received from the American Pine Apple Products Co. One hundred and sixty-eight electrotypes for a four color label, in good condition, these cuts to remain the property at all times of the above American Pine Apple Products Co. And to be returned to them in

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

364    Appellate Courts of Illinois.

Am. Pine Apple Prod. Co. v. Chicago J. P. Co., 216 Ill. App. 362.

good condition after the use of same for the labels to be printed and at the time of the delivery of the 100,000 labels contracted for at $60.00 as a maximum price, and same to be delivered to the above company within 10 days from this date.

Chicago Job Press<br>By T. B."

After the printing was done and the labels delivered some dispute arose as to the condition of some of the labels and plaintiff refused to pay the bill; although repeatedly demanded, defendant refused to return the cuts until the bill was paid. These cuts were replevined by the plaintiff and judgment entered in its favor.

Counsel for the defendant has presented an elaborate brief, citing a very large number of cases, seeking to support the claim that defendant was entitled to a lien upon the cuts for the amount of its bill for printing the labels. This lien is asserted to arise by contract implied from the custom of the trade. Such a lien has been favored in some cases, although we find nothing in this State directly in point.

Two considerations, however, give a complete answer to defendant's contention: (1) a contract by implication, if any, cannot prevail against the express contract in this case. Reference to the above receipt shows that the defendant agreed to return the cuts after the labels had been printed; (2) a lien arising from custom must include the circumstance that it is asserted and enjoyed by one party without objection from the other. The witnesses for the defendant herein testified only that there was a custom in the printing trade "whereby the printer asserted the right to hold and made a practice of holding cuts of his customer which had been used in a job of printing until said printing should be paid for." This fell short of the required proof as to a custom, and particularly in the omission of anything showing that the claim of the printers was acquiesced in by the customer without

objection.  The testimony at most tended to prove the existence of a custom of the printers to make certain claims.  This is far from proving an implied contract between the parties.

While the right to retain goods upon which labor has been expended until the bill therefor has been paid has been sustained in some cases, this rule has no application here.  The labels and wrappers which were produced by the labor of the defendant were delivered to the plaintiff.  No labor or work was done upon the cuts themselves.

"A general lien for a balance of accounts is founded on custom, and it is not favored; and it requires strong evidence of a settled and uniform usage, or of a particular mode of dealing between the parties to establish it.  General liens are looked at with jealousy, because they encroach upon the common law, and destroy the equal distribution of the debtor's estate among his creditors."  (2 Kent's Comm. 636.)

For the reasons above indicated, plaintiff was entitled to possession of its property and the judgment was proper and is affirmed.

*Affirmed.*